IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| NECA-IBEW WELFARE TRUST FUND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| K.M. ELECTRICAL, INC., | ) | |
| an Indiana corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

**COUNT I**

**CONTRIBUTION REPORTING FORMS
AND DELINQUENT CONTRIBUTIONS**

NOW COMES Plaintiff, NECA-IBEW WELFARE TRUST FUND, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendant, K.M. ELECTRICAL, INC., an Indiana corporation, and alleges as follows:

1.     This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1145.

2.     The Plaintiff, NECA-IBEW WELFARE TRUST FUND, is an employee benefit plan administered pursuant to the terms and provisions of the Declarations of Trust creating said Fund and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and ERISA (as amended), 29 U.S.C. §1001 et seq. The address and place of business of the Plaintiff is 2120 Hubbard Avenue, Decatur, Illinois 62526-2871.

3. That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. § 102 (5), (11), (12) and (14). Defendant employs individuals who are members of, and represented by Local Union No. 16 International Brotherhood of Electrical Workers, and said individuals are participants in Plaintiff's employee benefit plan, pursuant to a Letter of Assent by and between Defendant and Local Union No. 16, International Brotherhood of Electrical Workers. A copy of the Letter of Assent is attached hereto and made a part hereof as **Exhibit A**.

4. The Defendant's address is Evansville, Indiana 47710.

5. Pursuant to ERISA, 29 U.S.C. §1145, the Defendant is required to make contributions to the Plaintiff in accordance with the terms and conditions of the Plaintiff's Agreement and Declaration of Trust. The Agreement and Declaration of Trust, in pertinent part, is attached hereto and made a part hereof as **Exhibit B.**

6. Defendant has failed and refused to submit applicable contributions to the Plaintiff for the months of October 2005 through July 2006 in the amount of $17,829.49 and an underpayment for the month of December 2004 in the amount of $242.85, for a grand total due of $18,072.34.

7. Defendant has failed and refused to submit contribution reporting forms and applicable contributions to the Plaintiff for the months of April through June 2007.

8. That pursuant to ERISA, 29 U.S.C. §1132(g)(2), and the Agreement and Declaration of Trust, the Defendant is liable for reasonable attorney fees and for all reasonable costs incurred in the collection process, including, but not limited to, court fees and audit fees. Attached hereto and incorporated herein as **Exhibit C** is the Affidavit of James P. Moody in support of his request for attorney fees in the amount of $4,985.00 incurred in the prosecution of this matter.

WHEREFORE, Plaintiff prays as follows:

A. For a Judgment against the Defendant, K. M. ELECTRICAL, INC., for delinquent contributions for the months of October 2005 through July 2006 in the amount of $17,829.49 and an underpayment for the month of December 2004 in the amount of $242.85, for a grand total due of $18,072.34;

B. That the Defendant be ordered to remit to Plaintiff contribution reporting forms for the months of April through June 2007;

C. That Defendant be decreed to pay the Plaintiff its reasonable attorney fees in the amount of $4,985.00 as provided by ERISA, 29 U.S.C. §1132(g)(2), and Plaintiff's Agreement and Declaration of Trust;

D. That Defendant be decreed to pay all costs attendant to the costs of these proceedings;

E. That Plaintiff be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

## COUNT II

## PENALTIES AND INTEREST

NOW COMES Plaintiff, NECA-IBEW WELFARE TRUST FUND, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendant, K. M. ELECTRICAL, INC., and allege as follows:

9. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 8 of this Complaint against Defendant as if fully restated herein.

10. Defendant has failed to remit penalties and interest due as a result of continuous late reporting of contributions for the months of February through May 2004, April through September 2005, October 2006, December 2006 and February and March 2007. Such penalties and interest

have been assessed in the total amount of $1,742.26. A breakdown of the penalties and interest due is attached hereto and incorporated herein as **Exhibit D**.

WHEREFORE, Plaintiff prays as follows:

A.  For a Judgment in favor of Plaintiff, NECA-IBEW WELFARE TRUST FUND, and against Defendant, K. M. ELECTRICAL, INC., in the amount of $1,742.26 for penalties and interest assessed due to the continuous late reporting of contributions;

B.  That Defendant be decreed to pay the Plaintiff its reasonable attorney fees in the amount of $4,985.00 as provided by ERISA, 29 U.S.C. §1132(g)(2), and Plaintiff's Agreement and Declaration of Trust;

C.  That Defendant be decreed to pay all costs attendant to the costs of these proceedings;

D.  That Plaintiff be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

NECA-IBEW WELFARE TRUST FUND,
Plaintiff,

By:   s/ James P. Moody
JAMES P. MOODY
CAVANAGH & O'HARA
Attorneys for Plaintiff
407 E. Adams
Post Office Box 5043
Springfield, Illinois 62705
Telephone: (217) 544-1771
Fax: (217) 544-5236
jim@cavanagh-ohara.com

JOHN A. WOLTERS
**CAVANAGH & O'HARA**
407 East Adams
P. O. Box 5043
Springfield, IL 62705
Telephone: (217) 544-1771
Facsimile: (217) 544-5236
johnwolters@cavanagh-ohara.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Cavanagh & O'Hara    (217) 544-1771
407 East Adams Street, Springfield, IL 62701

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☒ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
E.R.I.S.A., 29 U.S.C. Sec. 1145
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** Undetermined
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD
s/ James P. Moody

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

# LETTER OF ASSENT - A

E-FILED
Friday, 14 September, 2007 01:29:55 PM
Clerk, U.S. District Court, ILCD

In signing this Letter of Assent, the undersigned firm does hereby authorize [1] __Evansville Division, Southern Indiana Chapter, N.E.C.A., Inc.__ as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved [2] __Inside__ labor agreement between the __Evansville Division, Southern Indiana Chapter, N.E.C.A., Inc.__ and Local Union [3] __16__, IBEW.

In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor agreements. This authorization, in compliance with the current approved labor agreement, shall become effective on the [4] __25th__ day of __September__, __2001__. It shall remain in effect until terminated by the undersigned employer giving written notice to the __Evansville Division, Southern Indiana Chapter, N.E.C.A., Inc.__ and to the Local Union at least one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement.

The Employer agrees that if a majority of its employees authorize the Local Union to represent them in collective bargaining, the Employer will recognize the Local Union as the NLRA Section 9(a) collective bargaining agent for all employees performing electrical construction work within the jurisdiction of the Local Union on all present and future jobsites.

In accordance with Orders issued by the United States District Court for the District of Maryland on October 10, 1980, in Civil Action HM-77-1302, if the undersigned employer is not a member of the National Electrical Contractors Association, this letter of assent shall not bind the parties to any provision in the above-mentioned agreement requiring payment into the National Electrical Industry Fund, unless the above Orders of Court shall be stayed, reversed on appeal, or otherwise nullified.

SUBJECT TO THE APPROVAL OF THE INTERNATIONAL PRESIDENT, IBEW

**KM ELECTRICAL, INC.**
[5] Name of Firm

**1511 N. Garvin Street**
Street Address/P.O. Box Number

**Evansville, IN 47711**
City, State (Abbr.) Zip Code

[6] Federal Employer Identification No.: **35-1796204**

| SIGNED FOR THE EMPLOYER | SIGNED FOR THE UNION [3] __16__, IBEW |
|---|---|
| BY [7] SIGNATURE REDACTED (original signature) | BY (original signature) |
| NAME [8] __Kenan Muehlbauer__ | NAME [8] __Larry W. Scott__ |
| TITLE/DATE __President, 9-25-2001__ | TITLE/DATE __Business Manager, 9-25-2001__ |

**INSTRUCTIONS (All items must be completed in order for assent to be processed)**

[1] NAME OF CHAPTER OR ASSOCIATION
  Insert full name of NECA Chapter or Contractors Association involved.
[2] TYPE OF AGREEMENT
  Insert type of agreement. Example: Inside, Outside Utility, Outside Commercial, Outside Telephone, Residential, Motor Shop, Sign, Tree Trimming, etc. The Local Union must obtain a separate assent to each agreement the employer is assenting to.
[3] LOCAL UNION
  Insert Local Union Number.
[4] EFFECTIVE DATE
  Insert date that the assent for this employer becomes effective. Do not use agreement date unless that is to be the effective date of this Assent.

[5] EMPLOYER'S NAME & ADDRESS
  Print or type Company name & address.
[6] FEDERAL EMPLOYER IDENTIFICATION NO.
  Insert the identification number which must appear on all forms filed by the employer with the Internal Revenue Service.
[7] SIGNATURES
[8] SIGNER'S NAME
  Print or type the name of the person signing the Letter of Assent. International Office copy must contain actual signatures-not reproduced-of a Company representative as well as a Local Union officer.

OCT 15 2001

A MINIMUM OF FIVE COPIES OF THE JOINT SIGNED ASSENTS MUST BE SENT TO THE INTERNATIONAL OFFICE FOR PROCESSING. AFTER APPROVAL, THE INTERNATIONAL OFFICE WILL RETAIN ONE COPY FOR OUR FILES, FORWARD ONE COPY TO THE IBEW DISTRICT VICE PRESIDENT AND RETURN THREE COPIES TO THE LOCAL UNION OFFICE. THE LOCAL UNION SHALL RETAIN ONE COPY FOR THEIR FILES AND PROVIDE ONE COPY TO THE SIGNATORY EMPLOYER AND ONE COPY TO THE LOCAL NECA CHAPTER.
IMPORTANT: These forms are printed on special paper and no carbon paper is required for duplicate copies. Remove from the pad enough copies of the form for a complete set and complete the form.

IBEW FORM 302 REV. 6/94

**EXHIBIT A**

AGREEMENT AND DECLARATION OF TRUST
OF
NECA-IBEW WELFARE TRUST FUND

WHEREAS, an Agreement and Declaration of Trust was entered into the 21st day of November, 1955, by and between the DECATUR DIVISION, the SPRINGFIELD DIVISION, the PEORIA DIVISION, the CHAMPAIGN DIVISION and the DANVILLE DIVISION of the ILLINOIS CHAPTER of the NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION: DECATUR LOCAL 146, SPRINGFIELD LOCAL 193, PEORIA LOCAL 34, CHAMPAIGN LOCAL 601, and DANVILLE LOCAL 538, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; and WARREN DECATUR, GEORGE CAST, JR., HARRISON F. BLADES, A. C. KOHLI, MELVIN WILLIAMS, FLOYD SNYDER AND WILLIAM AHLENIUS, who with their successors designated in the manner herein provided are hereinafter called the "Trustees".

WHEREAS, the original Agreement has been amended from time to time; and

WHEREAS, the Trustees desire that said Agreement and Declaration of Trust be amended and restated;

NOW, THEREFORE, by virtue of the authority vested in them by Article XVII of the Agreement and Declaration of Trust of the NECA-IBEW WELFARE TRUST FUND the Trustees hereby amend the Agreement and Declaration of Trust effective _____ and, as amended, restate it as follows:

ARTICLE I

NAME OF THE TRUST

The Trust maintained hereunder shall be known as the NECA-IBEW WELFARE TRUST FUND and the business and affairs of the Trust shall be conducted in that name, and the Welfare Fund may sue or be sued in that name.

ARTICLE II

DEFINITIONS

Section 1.   The term "Association" shall mean any Association of Electrical Contractors and/or Chapter of the National Electrical Contractors Association, Inc., who becomes party to or bound by this Agreement.

1.

EXHIBIT B

Section 4. Contributions by Participating Employers to the Trust Fund shall be paid monthly, on or before the 15th day of the month following the month for which they are due. Contributions shall be paid by check, draft or money order, drawn to the order of the Trust, and shall be mailed, together with duplicate statements as hereinafter provided, to the Fund Office.

Section 5. Statements accompanying monthly contributions shall be made on a form furnished by the Trustees, and shall contain such information as the Trustees may deem reasonable and necessary to compute the amount of the contribution due from each Participating Employer and the eligibility of employees for benefits.

Section 6. If any Participating Employer fails to make the required contribution on or before the day it is due, the Trustees then may:

(a) Apply any surplus monies in the Trust Fund for the account of said Participating Employer, without prejudice to the right of the Trustees to collect the payment in default, plus the cost and expense of said collection; or

(b) Receive payment of the amount in default from a third party and subrogate their rights to collect the payment in default, plus the cost and expense of said collection to said third party; or

(c) Institute, prosecute or intervene in such judicial proceedings as may be necessary or desirable to accomplish the collection of the contributions of a defaulting Participating Employer.

ARTICLE V

COLLECTION OF EMPLOYER CONTRIBUTIONS

Section 1. The Trustees shall have the power to demand, collect and receive Employer Contributions from any contributing Employer on the actual number of hours for which each Employee has worked, and shall hold such monies for the purposes specified in Article III of this Agreement and Declaration of Trust.

Section 2. Any authorized representative of the Trustees shall have the right at all reasonable times during business hours to enter upon the premises of any Employer and to audit, examine and copy such books, records, papers and reports of the Employer as may be necessary to determine the number of employees, hours of work performed, place of performance and other information pertinent to a determination of the proper amount of such Employer's contribution to the Trust Fund.

Each Employer shall make these books, records, papers and reports available to any authorized representative of the Trustees for such purposes. In the event that the Trustees utilize legal counsel to aid them in securing compliance by any Employer with the provisions of this Article, such Employer shall be liable for all costs incurred, including, but not limited to, reasonable attorneys' fees, even though no legal proceedings are actually initiated, and court costs.

In the event the audit discloses that any Employer during the period of the audit, has underpaid its contributions the Employer shall be liable for the costs of the examination. The Trustees shall have the authority, however, to waive all or part of such costs for good cause shown.

Section 3. It is recognized and acknowledged by all parties including the Participating Employers, that the regular and prompt payment of contributions is essential to the maintentance of an employee benefit plan and that it would be extremely difficult, if not impracticable, to fix the actual expense and damage to the plan which would result from the failure of an individual Employer to pay the required contributions within the time provided. Therefore, if any individual Employer is delinquent, i.e. shall fail to pay the required contribution by the due date, such Employer shall be additionally liable for liquidated damages in the aggregate sum of:

(a) $50.00 per month on each monthly report and/or contributions that are not received by the 15th of the month up to a maximum of $500.00; and

(b) twice the prime interest rate on the amount of each month's delinquent contributions, compounded monthly.

In the event the Trustees place the account in the hands of legal counsel for collection, the delinquent Employer shall be liable for reasonable attorneys' fees, and

9.

for all reasonable costs incurred in the collection process, including but not limited to, court fees and audit fees. The Trustees shall have the authority, however, to waive all or part of the liquidated damages, interest, attorneys' fees, or collections costs, for good cause shown.

## ARTICLE VI

### GENERAL POWERS AND DUTIES OF THE TRUSTEES

The Trustees shall have and are hereby given, in addition to those granted by law, or granted elsewhere in this instrument the complete right, title, control and supervision of the Trust Fund and Trust Estate and in connection therewith are given the power to:

Section 1.  Invest and reinvest such funds as in their sole judgment are not required to defray the current expenses of the Trust Fund;

Section 2.  Deposit uninvested funds forming part of the Trust Estate in such depositories as they may from time to time select such funds shall be deposited in federally insured accounts, except to the extent that the Trustees otherwise deem necessary or desirable;

Section 3.  Sell, exchange, lease, convey, or dispose of any property, real or personal, at any time forming part of the Trust Estate upon such terms and conditions as they deem proper and to execute and deliver any and all documents required in connection therewith;

Section 4.  Exercise options, conversion privileges, or rights to subscribe for additional securities and to make payment therefor;

Section 5.  Consent to, or participate in dissolutions, reorganizations, consolidations, mergers, sales, leases, mortgages, transfers or other changes affecting securities or investments held by them and in connection therewith to pay any assessment, subscription or other charges;

Section 6.  Enter into any and all contracts and agreements including, but not limited to Reciprocal Agreements with other employee benefit welfare plans which are in their opinion necessary or desirable to carry out the purposes of the Trust;

10.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| NECA-IBEW WELFARE TRUST FUND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| K.M. ELECTRICAL, INC., | ) | |
| an Indiana corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT IN SUPPORT OF ATTORNEY FEES

I, JOHN A. WOLTERS, having first been duly sworn on oath, state that the following itemization accurately represents the time and costs expended by me in this cause:

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 01/24/06 | Letter to Kenan Muehlbauer enclosing Judgment and Order via certified and regular mail; update Delinquency Status Report; calendar response. | .65 |
| 02/10/06 | Review file re: status; Final Notice via certified and regular mail; update Status Report; calendar response. | .70 |
| 03/06/06 | Review file re: status of payment; telephone conference with Kenan Muelbauer re: same; left message. | .10 |
| 03/15/06 | Review file re: status of payment; preparation of Citation to Discover Assets; telephone conference with Judge Bernthal's clerk to schedule Citation hearing; update Status Report. | .85 |
| 04/03/06 | Telephone conference with Vanderburgh County Sheriff re: service fee. | .60 |
| | Review file; review of Citation; update Status Report. | .90 |
| 04/07/06 | Received and reviewed issued Citation to Discover Assets; letter to Vanderburgh County Sheriff for service; letter to Areawide Reporting enclosing Citation. | 1.10 |


EXHIBIT C

| | | |
|---|---|---|
| 04/24/06 | Telephone conference with Vanderburgh County Sheriff's Department re: service of Citation. | .10 |
| 04/25/06 | Received and reviewed Order granting Plaintiff's oral motion to vacate Citation hearing. | .10 |
| | Telephone conference with Judge Bernthal's clerk to cancel Citation hearing due to inability to effectuate service; telephone conference with Areawide Reporting to cancel. | .20 |
| 04/26/06 | Preparation of fax to Larry Scott, Business Manager for Local 16, re: addresses and information on Kenan Muehlbauer. | .20 |
| 04/28/06 | Received and reviewed Affidavit of Service from Vanderburgh County Sheriff's Department | .10 |
| 05/02/06 | Review files re: status; update Delinquency Status Report. | .10 |
| | Revise Amended Citation; letter to U.S. District Court to issue same. | .60 |
| | Telephone conference with Judge Bernthal's clerk re: rescheduling Citation. | .10 |
| 05/04/06 | Received and reviewed Notice of Hearing. | .10 |
| 05/08/06 | Received and reviewed issued Citation; telephone conference with Areawide Court Reporting re: Citation; letter to Sheriff for service; letter to Areawide enclosing Citation. | 1.20 |
| 05/22/06 | Received and reviewed Affidavit of Service from Vanderburgh County Sheriff; Conversion, redaction of signatures and e-filing of same; update Delinquency Status Report. | .65 |
| | Received and reviewed file-stamped Affidavit of Service. | .10 |
| 06/12/06 | Review file and prepare for Citation of company president. | .30 |
| 06/13/06 | Attend Citation to Discover Assets hearing. | 3.00 |
| | Received and reviewed docket entry re: Citation hearing held; no appearance by Defendant; oral Motion for Rule to Show Cause granted; calendared; preparation of Order for Rule to Show Cause; email to Judge; update Delinquency Status Report. | .85 |
| 06/14/06 | Review and revise draft Order for Rule to Show Cause. | .30 |
| 07/07/06 | Received and reviewed Text Order from Court resetting Rule to Show Cause; calendared; received and reviewed Order for Rule to Show Cause; letter to Vanderburgh County Sheriff's re: service. | .65 |

| Date | Description | Hours |
|---|---|---|
| 07/31/06 | Received and reviewed Affidavit of Service; conversion and electronic filing with U.S. District Court of same. | .50 |
| | Received and reviewed file-stamped Affidavit of Service. | .10 |
| 08/21/06 | Received and reviewed oral Motion resetting Rule to Show Cause; received and reviewed Oral Motion for Warrant; received and reviewed minute entry re: hearing held; reset; calendar date; update Delinquency Status Report. | .40 |
| | Prepare for and attend hearing on Rule to Show Cause. | 2.00 |
| 08/28/06 | Received and reviewed minute entry resetting Rule to Show Cause; calendared; update Delinquency Status Report. | .40 |
| | Finalize letter to Kenan Muehlbauer re: Rule to Show Cause hearing. | .30 |
| 10/05/06 | Attend Court for Rule to Show Cause. | 4.00 |
| | Received and reviewed text order re: Rule to Show Cause held; update Delinquency Status Report. | .20 |
| 11/08/06 | Received and reviewed text order re: writ of body attachment. | .10 |
| 11/13/06 | Received and reviewed minute entry re: writ of body attachment held; Citation to Discover Assets scheduled; calendared; update Delinquency Status Report. | .20 |
| | Attend Court - Rule to Show Cause hearing. | 2.50 |
| 11/14/06 | Preparation of fax agreement to Fund Office. | .20 |
| 12/18/06 | Review of payment plan; telephone conference with Bob Williams and Paul Green from Local 16; draft letter to Bob Williams. | 1.00 |
| | Received and reviewed Text Order vacating Citation to Discover Assets hearing. | .10 |
| 12/19/06 | Review file; update Delinquency Status Report re: payment plan. | .15 |
| 03/05/07 | Review file and revise Delinquency Status Report. | .10 |
| 03/07/07 | Received and reviewed fax from Business Manager from Local 16 - Paul Green re: payments. | .20 |
| 04/19/07 | Received and reviewed email from Patrick re: action to be taken on files pursuant to request of Welfare Fund. | .10 |
| 07/27/07 | Review file; preparation of Second Amended Citation to Discover Assets. | .85 |

| | | |
|---|---|---|
| 08/06/07 | Email Fund Office re: current breakdown. | .10 |
| 08/07/07 | Received and reviewed email from Fund Office re: current breakdown; review file; response to Fund Office. | .60 |
| 08/30/07 | Research Secretary of State for corporate information; preparation of Complaint, Civil Cover Sheet; Certificate of Interest and Summons; assemble exhibits. | 1.50 |
| 09/11/07 | Preparation of Affidavit in Support of Attorney Fees. | 1.00 |
| | Telephone conference with Vanderburgh County Sheriff's Department regarding service fee. | .10 |
| | Final review of Complaint with exhibits, Civil Cover Sheet, Certificate of Interest, Summons. | .40 |
| | Revise and finalize Complaint, Summons, Certificate of Interest, Civil Cover Sheet; assembly of full Complaint with exhibits; Email to U.S. District Court for opening of new case. | 1.00 |

TOTAL HOURS 12 x $90.00 PER HOUR          $1,080.00
TOTAL HOURS 5.85 $100.00 PER HOUR              585.00
TOTAL HOURS 14 x $185.00 PER HOUR            2,590.001
TOTAL HOURS .60 x $195.00 PER HOUR               17.00

| | | |
|---|---|---|
| 04/07/06 | Vanderburgh, Indiana, Sheriff Fee. | $42.00 |
| 05/09/06 | Vanderburgh, Indiana, Sheriff Fee. | 42.00 |
| 07/06/06 | Vanderburgh, Indiana, Sheriff Fee. | 42.00 |
| | Areawide Reporting Service | 75.00 |
| 09/11/07 | U.S. District Court | 350.00 |
| 09/11/07 | Vanderburgh, Indiana, County Sheriff | 62.00 |

**TOTAL AMOUNT DUE** $4,985.00

FURTHER THIS AFFIANT SAYETH NAUGHT.

s/ James P. Moody
JAMES P. MOODY
**CAVANAGH & O'HARA**
Attorneys for Plaintiff
407 East Adams
P. O. Box 5043
Springfield, IL 62705
Telephone: (217) 544-1771
Facsimile: (217) 544-5236
jim@cavanagh-ohara.com

SUBSCRIBED and SWORN to before me this 13th day of September 2007.

_____ SIGNATURE REDACTED
NOTARY PUBLIC

"OFFICIAL SEAL"
PATRICIA J. ROBINSON
Notary Public, State of Illinois
My Commission Expires Feb. 16, 2010

F:\files\NECA-IBE\DELIQ\K.M. Electrical, Inc\2007\A-fee.wpd

K M Electrical               As of 8/06/07
Welfare Trust Fund

**Missing Reports**

| Month | Amount Due |
|---|---|
| Oct-05 | $2,255.71 |
| Nov-05 | $2,276.31 |
| Dec-05 | $2,253.13 |
| Jan-06 | $1,450.03 |
| Feb-06 | $1,318.40 |
| Mar-06 | $1,977.60 |
| Apr-06 | $1,537.72 |
| May-06 | $1,578.48 |
| Jun-06 | $1,688.60 |
| Jul-06 | $1,493.51 |
| Apr-07 | Unknown - No report |
| May-07 | Unknown - No report |
| Jun-07 | Unknown - No report |
| **Total** | **$17,829.49** |

**Penalty & Interest Owed**

| Month | Amount Due |
|---|---|
| Feb-04 | $177.68 |
| Mar-04 | $159.16 |
| Apr-04 | $176.42 |
| May-04 | $320.80 |
| Apr-05 | $63.97 |
| May-05 | $59.33 |
| Jun-05 | $111.18 |
| Jul-05 | $98.27 |
| Aug-05 | $148.48 |
| Sep-05 | $77.80 |
| Oct-06 | $57.48 |
| Dec-06 | $62.04 |
| Feb-07 | $61.57 |
| Mar-07 | $168.08 |
| **Total** | **$1,742.26** |

**Underpayment**

| | |
|---|---|
| Dec-04 | $242.85 |
| **Total** | **$242.85** |

**Grand Total Owed Health & Welfare**     $19,814.60


EXHIBIT D